HARRIS, J.
In this suspension of a real estate license case we are presented with a new twist on the issue of deception. The Department brought this action to suspend the license of appellant on the basis that he obtained his license by “fraud, misrepresentation or concealment” in that he intentionally omitted certain criminal convictions from his application.
Normally in this type case, the facts would show either that the applicant knew of the offenses but deliberately failed to list them (fraudulent concealment) or actually forgot about the convictions and thus failed to mention them (negligent concealment). But in this case, appellant acknowledges that he was aware of his criminal history (seven offenses from 1977 to 1998) but listed only one (a 1984 DUI conviction) because he was in a rush and believed that the Department would conduct its own investigation in any event. Normally the mere fact that appellant intentionally and knowingly failed to list the required information on his application would be sufficient to uphold an order of suspension. This case is unique because appellant, although acknowledging that he intentionally failed to list his previous convictions, testified that he did not intend to mislead the Department by his action. The case is complicated by the fact that the administrative law judge determined that there was no intent to mislead as a finding of fact.
Therefore, the issue before us is whether there must be an intent to deceive when it is admitted by the applicant that he intentionally withheld information requested by the Department. If one knows of a requirement to disclose information which he intentionally fails to disclose, and then swears in the application that his knowingly incomplete answer is true and is as complete as his knowledge will permit, it is difficult to conceive how it could be determined that the applicant did not intend to mislead. In any event, we agree with the Department that the intentional act of concealment is itself, whether or not the applicant actually intended to mislead the Department by such concealment, sufficient to warrant the penalty administered herein.
AFFIRM.
SHARP, W., and PLEUS, JJ., concur.